# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br>CDCR #T-54378<br><br>                                    Plaintiff,<br><br>vs.<br><br><br>ROSALYN M. CHAPMAN;<br>MARSHA EUGENE DOMINIQUE,<br><br>                                    Defendants. | Civil No.   12cv0114 BTM (MDD)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED** ***IN FORMA PAUPERIS*** **AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 4]**<br><br>**AND**<br><br>**(2) DISMISSING CASE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RED") located in San Diego, California and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, she has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

/ / /

**I.     Motion to Proceed IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, she is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless she can show she is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

/ / /

## II. Application of 28 U.S.C. § 1915(g)

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court takes judicial notice that Plaintiff has had three prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]

They are:

1) *Williams v. Corcoran State Prison, et al.*, Civil Case No. 01-5926 AWI (HBG) (E.D. Cal. Jan. 29, 2002 Order Adopting Findings and Recommendation Dismissing Action for failing to state a claim) (strike one);

2) *Williams v. Wood*, *et al.*, Civil Case No. 01-6151 REC (LJO) (E.D. Cal. Feb. 28, 2002 Order Adopting Findings and Recommendation Dismissing Action for failing to state a claim) (strike two); and

3) *Williams v. Rendon, et al.*, Civil Case No. 01-5891 AWI (SMS) (E.D. Cal. Mar. 18, 2002 Order Adopting Findings and Recommendations Dismissing Complaint for failing to state a claim) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and she fails to make a "plausible allegation" that she faced imminent danger of serious physical injury at the time she filed his Complaint, she is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing

---

[1] In fact, a review of PACER reveals that Plaintiff has filed over sixty (60) civil rights actions in the Central, Eastern and Southern Districts of California.

1 the courts; it only precludes prisoners with a history of abusing the legal system from
2 continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221,
3 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not
4 right.").

5       While the Court could provide Plaintiff the opportunity to pay the entire initial civil
6 filing fee in this matter, the Court finds that Plaintiff's action is without merit. Plaintiff seeks
7 to hold a United States Magistrate Judge and a Deputy Clerk of the Court liable for alleged
8 violations of his constitutional rights. "Judges and those performing judge-like functions are
9 absolutely immune from damage liability for acts performed in their official capacities."
10 *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

**III. Conclusion and Order**

For the reasons set forth above, the Court hereby:

1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] pursuant to 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the $350 civil filing fee required by 28 U.S.C. § 1914(a), and

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: April 23, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court